UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
AMEYA BROWN,

                        Plaintiff,

                -against-

Detective PAUL FARELLA, Shield # 193; Detective WILLIAM KELLY, Shield # 5349; Detective CHRISTOPHER GREINER, Shield # 04125; Detective RICARDO NUNEZ, Shield # 09317; Sergeant MARK DIBENEDETTO, Shield # 5422; Detective MARY MURRAY, Shield# 6955; Detective VINCENT DICRESCENTO, Shield # 7466; Detective CARLOS VELEZ, Shield # 5575; Police Officer ANGELICA SALMERON, Shield #7116; Detective ALBERTO ANGILETTA, Shield # 724; Detective GLADYS CASANOVA, Shield # 00812; Detective TARA ALLEYNE-LOPEZ, Shield #0665; Detective SEAN CYRUS, Shield #25356; Detective JOHN RIVERA, Shield # 00452; Detective CHRISTOPHER OTTOMANELLI, Shield# 4621; Detective DANNY RODRIGUEZ, Shield # 7119; Detective EUGENE JONNY, Shield #2802; and Police Officers JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.
------------------------------------------------------------------- x

**THIRD AMENDED COMPLAINT**

Jury Trial Demanded

12 CV 2677 (BMC)

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Ameya Brown ("plaintiff" or "Ms. Brown") is a resident of Kings County in the City and State of New York.

7. Defendant Detective Paul Farella, Shield # 193 ("Farella"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Farella is sued in his individual and official capacity.

8. Defendant Detective William Kelly, Shield # 5349 ("Kelly"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kelly is sued in his individual and official capacity.

9. Defendant Detective Christopher Greiner, Shield # 4125 ("Greiner"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Greiner is sued in his individual and official capacity.

10. Defendant Sergeant Mark DiBenedetto, Shield # 5422 ("DiBenedetto"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant DiBenedetto is sued in his individual and official capacity.

11. Defendant Detective Mary Murray, Shield # 6955 ("Murray"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Murray is sued in her individual and official capacity.

12. Defendant Detective Carlos Velez, Shield # 5575 ("Velez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Velez is sued in his individual and official capacity.

13. Defendant Police Officer Angelica Salmeron, Shield # 7116 ("Salmeron"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Salmeron is sued in her individual and official capacity.

14. Defendant Detective Alberto Angiletta, Shield # 724 ("Angiletta"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Angiletta is sued in his individual and official capacity.

15.     Defendant Detective Gladys Casanova, Shield # 812 ("Casanova"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Casanova is sued in her individual and official capacity.

16.     Defendant Detective Tara Alleyne-Lopez, Shield # 665 ("Alleyne-Lopez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Alleyne-Lopez is sued in her individual and official capacity.

17.     Defendant Detective Sean Cyrus, Shield # 25356 ("Cyrus"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Cyrus is sued in his individual and official capacity.

18.     Defendant Detective John Rivera, Shield # 452 ("Rivera"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rivera is sued in his individual and official capacity.

19.     Defendant Detective Christopher Ottomanelli, Shield # 4621 ("Ottomanelli"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ottomanelli is sued in his individual and official capacity.

20.     Defendant Detective Danny Rodriguez, Shield # 7119 ("Rodriguez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rodriguez is sued in his individual and official capacity.

21.     Defendant Detective Eugene Jonny, Shield # 2802 ("Jonny"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Jonny is sued in his individual and official capacity.

22.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

23.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

24.     At all times relevant herein, all individual defendants were acting under color of state law.

## **STATEMENT OF FACTS**

25.     Ms. Brown is a senior in high school.

26.     Defendants have subjected Ms. Brown's home to repeated unlawful entries and searches.

27.     In each incident, if defendants had a search warrant for the apartment, it was issued upon the basis of extremely unreliable information, and the police did not

5

follow NYPD policies and procedures in obtaining and executing such a warrant. Revised NYPD policies and procedures were instituted after the tragic death of Ms. Alberta Spruill during a raid in Harlem in May 2003 to ensure the reliability of the NYPD's information before obtaining and executing search warrants.

### The First Incident

28. In the early morning hours of April 1, 2011, plaintiff was lawfully present inside her home at 195 Hoyt Street, Apartment 3G, Brooklyn, New York.

29. Defendants stormed into plaintiff's apartment and falsely arrested her, even though she was not found in possession or constructive possession of any contraband allegedly found in the apartment.

30. Defendants did not have arguable probable cause to arrest Ms. Brown.

31. Ms. Brown was taken to a police precinct and held for approximately four hours before being taken to Brooklyn Central Booking.

32. Defendants falsely informed employees of the Kings County District Attorney's Office that plaintiff was in possession of contraband and fabricated police paperwork, including an arrest report, to that effect.

33. Defendants had not observed plaintiff in possession of any contraband.

34. After spending approximately 18 hours in Central Booking, Ms. Brown was arraigned.

35. At arraignment, the criminal charges were adjourned in contemplation of dismissal and Ms. Brown was released.

### *The Second Incident*

36. On the morning of May 5, 2012, defendants again unlawfully entered plaintiff's home and falsely arrested her.

37. As in the first incident, defendants arrested Ms. Brown even though she was not in possession or constructive possession of any contraband allegedly found in the apartment and defendants were aware that she had committed no crime.

38. Defendants did not have arguable probable cause to arrest Ms. Brown.

39. Ms. Brown was taken to a police precinct and held for approximately seven hours before being taken to Brooklyn Central Booking.

40. Defendants again falsely informed employees of the Kings County District Attorney's Office that plaintiff was in possession of contraband and fabricated police paperwork, including an arrest report, to that effect.

41. Defendants had not observed plaintiff in possession of any contraband.

42. After spending approximately 12 hours in Central Booking, Ms. Brown was released without seeing a judge.

43. Upon information and belief, the District Attorney declined to prosecute Ms. Brown for the mendacious charges brought against her.

44. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Defendants twice violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

47. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. Defendants twice violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

50. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
**Failure to Intervene**

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct twice observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

53. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

54. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: August 10, 2012
New York, New York

                                          HARVIS MARINELLI
                                          SALEEM & WRIGHT LLP

                                          _____
                                          Gabriel P. Harvis
                                          305 Broadway, 14th Floor
                                          New York, New York 10007
                                          (212) 323-6880
                                          gharvis@hmswlaw.com

                                          *Attorney for plaintiff*